UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
SOUTHEASTERN DIVISION

| NEVA COSTNER, | ) |  |
|---|---|---|
| Plaintiff, | ) |  |
| v. | ) | Case No. 1:17-CV-210-SNLJ |
| DOLGENCORP, LLC, | ) |  |
| Defendant. | ) |  |

## MEMORANDUM AND ORDER

Plaintiff Neva Costner filed this personal injury lawsuit against defendant Dolgencorp, LLC, which does business as Dollar General. Plaintiff originally filed this action in state court, and on December 5, 2017, defendant removed to this Court based on diversity jurisdiction, 28 U.S.C. § 1332. Defendant filed a motion for leave to file its answer out of time on March 10, 2018. Plaintiff opposes the motion.

Federal Rule of Civil Procedure 6(b) allows the Court, for good cause, to extend a deadline "if the party failed to act because of excusable neglect." "The determination of whether neglect is excusable 'is at bottom an equitable one, taking account of all relevant circumstances surrounding the party's omission.'" *Chorosevic v. MetLife Choices*, 600 F.3d 934, 946 (8th Cir. 2010) (quoting *Pioneer Inv. Servs. Co. v. Brunswick Assocs. Ltd. P'ship*, 507 U.S. 380, 395 (1993)). The Court considers the following factors: (1) the possibility of prejudice to the opposing party; (2) the length of the movant's delay and the possible impact of that delay on judicial proceedings; (3) the movant's reasons for delay,

1

including whether the delay was within its reasonable control; and (4) whether the movant acted in good faith. *Id.*

As to the first factor, prejudice to plaintiff, plaintiff says she was prejudiced due to the "magnitude" of the three-month delay, but she offers no supporting details. Defendant responds that plaintiff filed an identical suit against defendant in 2016 and then voluntarily dismissed the lawsuit in 2017 before refiling her complaint against defendant. Notably, the answer that defendant now seeks to file is substantively identical to the answer that defendant filed in the first case filed by plaintiff. Further, the parties have already undertaken substantial discovery in this matter in the first litigation. Plaintiff also did not bring the matter of the missing answer to the attention of either the Court or the defendant. Instead, it was the Court that brought the matter of the missing answer to the parties' attention by an Order dated March 9, 2018.

In light of the fact that the parties have already undertaken substantial discovery, the impact on judicial proceedings (the second factor) is also limited.

The third factor --- the reason for delay --- is that defendant's counsel's assistant believed she had filed all the necessary documents (including the Answer) when defendant removed the case to this Court. Defendant filed the assistant's handwritten checklist of documents, which indicates that counsel/the assistant believed the Answer had been filed. The Supreme Court has indicated that excusable neglect includes reasons of "inadvertence, mistake, or carelessness." *Pioneer Inv. Servs. Co.*, 507 U.S. at 392. Defendant's counsel's mistaken belief that the Answer had been filed with several other necessary documents thus meets that definition.

Finally, as to the fourth factor, there is no reason to believe defendant has acted in anything but good faith. Defendant filed the belated answer and the instant motion as soon as counsel realized the mistake had been made.

Thus, for the foregoing reasons, the defendant's motion for leave to file the Answer out of time will be granted.

Accordingly,

**IT IS HEREBY ORDERED** that defendant Dolgencorp's motion for leave to file Answer and Affirmative Defenses out of Time (#10) is **GRANTED**.

So ordered this __16th__ day of March, 2018.

_____
STEPHEN N. LIMBAUGH, JR.
UNITED STATES DISTRICT JUDGE