UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
SOUTHEASTERN DIVISION

| | |
|---|---|
| NEVA COSTNER, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) Case No. 1:17-CV-210-SNLJ |
| | ) |
| DOLGENCORP, LLC, | ) |
| | ) |
| Defendant. | ) |

## MEMORANDUM AND ORDER

This matter is before the Court on defendant's motion to exclude the expert testimony of plaintiff's expert, Dr. Andrew Brown. (#39.) Defendant contends that Dr. Brown's expert report is deficient and that his testimony should be excluded because the report does not comply with Federal Rule of Civil Procedure 26(a)(2)(B). That Rule requires that the expert's report include, among other things, (a) the source of facts and data, including any records or documents, considered by the witness in forming his opinions, (b) a list of all other cases in which the witness has testified as an expert or deposition within the past four years, and (c) a statement of the compensation to be paid to the expert for his work on the case. Fed. R. Civ. P. 26(a)(2)(B)(ii), (v), and (vi).

Defendant states that plaintiff's Rule 26(a)(2) disclosures included a copy of medical records relied upon by Dr. Brown and a document purporting to be a list of cases in which Dr. Brown had testified during the last four years. However, defendant appears to complain that the medical records do not "identify[] any witness or information contained in the records to support his case." The Court disagrees that Dr. Brown was

1

required to cite to specific records to support his report. Rule 26 merely requires that the report contain "facts or data considered by the witness" and include "any exhibits that will be used to summarize or support" his opinion. The report contains facts considered by Dr. Brown. As for the exhibits, it was permissible for counsel to include the supporting exhibits—medical records—as part of the Rule 26(a)(2) disclosure.

As for defendant's complaint regarding Dr. Brown's history of testimony and compensation, this Court agrees that the document plaintiff apparently provided to defendant—an "Attachment D," which purported to be a list of cases and compensation—does not reflect any such information. It instead appears to be an invitation to depose Dr. Brown. Plaintiff does not explain this discrepancy and instead merely "denies" the allegations surrounding this issue (#45 at ¶ 5). Notably, defendant apparently attempted to remedy this issue by sending interrogatories to plaintiff that, among other things, seeks information about prior testimony and compensation conducted for plaintiff's attorneys. The Court has ordered plaintiff to comply with those requests.

To the extent plaintiff never supplemented her disclosures to include <u>all</u> of Dr. Brown's trial or deposition testimony over the past four years, plaintiff should provide that information in accordance with the requirements of Rule 26(a)(2)(B)(v).

Defendant argues that it has been "greatly prejudiced" because of plaintiff's failure to comply with Rule 26(a)(2)(B), including her belated disclosure of the compensation paid to Dr. Brown. Defendant does not explain how its ability to cross-examine Dr. Brown has been hindered by these minor issues.

Accordingly,

**IT IS HEREBY ORDERED** that defendant Dolgencorp's motion to exclude (#39) is **DENIED**.

**IT IS FURTHER ORDERED** that plaintiff shall make Rule 26(a)(2)(B)(v) disclosures in accordance with this order no later than May 31, 2019.

So ordered this __23rd__ day of May, 2019.

_____
STEPHEN N. LIMBAUGH, JR.
UNITED STATES DISTRICT JUDGE